10 F.3d 808
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Miguel BRAMBILIA-BIBIAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70201.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1993.*
Decided Nov. 15, 1993.
 
 1
 Before: HALL and RYMER, Circuit Judges, and FITZGERALD,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Miguel Brambilia-Bibian (Brambilia) petitions for review of a Board of Immigration Appeals' (BIA) order affirming the immigration judge's (IJ) denial of his application for discretionary relief from deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(c). We affirm the Board's decision and deny review.
 
 
 4
 An applicant for waiver of deportation under Section 212(c) of the Act, 8 U.S.C. Sec. 1182(c), who has been convicted of a serious drug offense, such as trafficking, or whose record reflects a pattern of serious criminal activity is required to make a showing of outstanding equities before the Board of Immigration Appeals. Ayala-Chavez v. INS, 944 F.2d 638, 641 (9th Cir.1991). The BIA did not err in imposing this higher standard on Brambilia whose criminal record includes convictions for possession of heroin with intent to sell, failure to appear, aiding and abetting the illegal entry of aliens, and joyriding.
 
 
 5
 Brambilia claims in this petition that the BIA erred in not considering favorable events that occurred after the 212(c) waiver hearing. Review of BIA determinations regarding procedures implementing its statutory discretion for waivers under 212(c) are entitled to considerable deference. Id. In INS v. Rios-Pineda, 471 U.S. 444, 450 (1985), the Supreme Court discussed the right, or more accurately the lack of a right, of an immigrant to use dilatory practices as a means to gain a statutory exception to deportation.
 
 
 6
 The purpose of an appeal is to correct legal errors which occurred at the initial determination of deportability; it is not to permit an indefinite stalling of physical departure in the hope of eventually satisfying legal prerequisites. One illegally present in the United States who wishes to remain already has a substantial incentive to prolong litigation in order to delay physical deportation for as long as possible. (Citations omitted.) The Attorney General can, in exercising his discretion, legitimately avoid creating a further incentive for stalling by refusing to reopen suspension proceedings for those who became eligible for such suspension only because of the passage of time while their meritless appeals dragged on.
 
 
 7
 Applying the logic of Rios-Pineda to the facts before us, we find no error in the BIA's decision. Moreover, the BIA has ruled that immigration judges have no power to allow an alien drug offender additional time to show rehabilitation. Matter of Silva-Rodriguez, Int. Dec. 3168 (BIA 1992).
 
 
 8
 Under Brambilia's reasoning, he would have less opportunity to show rehabilitation than aliens who have committed crimes in the more distant past. This disadvantage, however, is a product of his conduct and the emphasis Congress has placed on deporting alien drug traffickers. Moreover, any impediment to establishing rehabilitation does not absolutely bar a waiver of deportation; rehabilitation is an important factor but not a prerequisite to 212(c) relief. Matter of Edwards, Int. Dec. 3134 (BIA 1990).
 
 
 9
 The BIA considered the relevant favorable aspects of Brambilia's case, including his close family ties, the hardship he might face in Mexico, his long residency, the possible effect on his family, the young age at which he legally entered the United States, his charitable work, and his rehabilitation up to the time of the hearing. The Board even found that Brambilia's close family ties constituted an 'outstanding equity.' Nevertheless, the BIA in a well reasoned decision found that the seriousness of possession of a large amount of heroin for sale combined with his previous illegal activities were not outweighed by the outstanding equities. This was not an abuse of discretion and we affirm the decision of the Board and deny review.
 
 
 10
 REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3